IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **CHARLES HICKS, # 246241,** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) CASE NO. 2:06-CV-1033-WKW |
| | ) |
| **ALABAMA DEPT. OF CORRECTIONS,** | ) |
| **ET AL.,** | ) |
| | ) |
| **Defendants.** | ) |

## ANSWER
### And
## SPECIAL REPORT

Defendants Richard F. Allen and the Alabama Dept. of Corrections file this Answer and Special Report as directed by the Court.

### EVIDENTIARY SUBMISSIONS
### IN SUPPORT OF RESPONDENT'S SPECIAL REPORT

1. Affidavit of Commissioner Richard F. Allen

2. Affidavit of Warden John Cummins, II

3. Affidavit of Nursing Manager Linda Brown documenting Petitioner's medical history and treatment history.

### PETITIONER'S ALLEGATIONS

The Petitioner, an inmate in the Alabama Department of Corrections, alleges that he has been denied adequate medical treatment since his April, 2006 incarceration at Frank Lee Youth Center, for his diabetic condition. He alleges that he has repeatedly asked for medical treatment, which have all been basically ignored.

**INVESTIGATIVE RESULTS**

All medical services are provided under contract to Prison Health Services. Corrections does not provide any medical services, and this Answer and Special Report is not intended to be an answer on behalf of Prison Health Services as to "adequacy" of services provided. However, Corrections did undertake to review Hicks medical file and Regional Nursing Supervisor Linda Brown has provided a summary of Petitioner's history, current and most recent medical "contacts", as well as treatments provided.

Investigation reveals that Hicks has a long history of "non-compliance" in the past and prior to his most recent incarceration.

Nurse Brown's affidavit clearly refutes all of Hicks claims of being ignored by Corrections staff and being denied access to timely medical care.

In summary, his records reflect treatment visits and orders written on 5/19/ 2006, 5/24/2006, 5/31/2006, 7/5/2006, 7/12/2006, 8/3/2006, 9/12/2006, 9/15/2006, 9/20/2006, 9/22/2006, 10/2/2006, 10/11/2006, 10/12/2006, 10/13/2006, 10/20/2006, 10/25/2006, 10/26/2006, 10/27/2006, 10/30/2006, 11/3/2006, 11/20/2006, 11/22/2006, 11/27/2006, 12/4/2006, 12/12/2006, and 12/19/2006.

The record reflects that Hicks has been seen by an outside vascular surgeon on or about 12/19/2006.

**ANSWER**

The Defendants assert the following defenses to the Plaintiff's claims:

1. The Defendants deny each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

2. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2

3. The Defendants cannot be held liable on the basis of *respondeat superior*, agency, or vicarious liability theories.

4. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

5. The allegations contained in the Plaintiff's Complaint against the Defendants, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. *See Oladeinde v. City of Birmingham*, 963 F. 2d 1481, 1485 (11th Cir. 1992); *Arnold v. Board of Education Of Escambia County*, 880 F. 2d 305, 309 (11th Cir. 1989).

6. The Defendants plead all applicable immunities, including but not limited to sovereign, qualified, absolute, discretionary function, state agent, and statutory law enforcement officer immunity.

7. All claims of the Plaintiff against these Defendants in their official capacity are barred by the Eleventh Amendment to the United States Constitution.

8. The Defendants plead the affirmative defense of contributory negligence and assumption of the risk.

9. The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e (a) and as such these claims should be dismissed.

10. The Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against any of them and that any such award would violate the United States Constitution.

11. The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing in forma pauperous actions in federal court.

Pursuant to 28 U.S.C. § 1915 A, this court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e) (c).

## **ARGUMENT**

Since all of Petitioner's claims are totally refuted by the indisputable medical records summary submitted by Linda Brown, there is no real need to present legal arguments. But in an abundance of caution and for the benefit of the court, Corrections offers the below 8th Amendment and Immunity "summary".

In order to succeed on a claim that prison conditions violated the Plaintiff's Eighth Amendment rights, Plaintiff must first prove that conditions were, objectively, sufficiently serious, and that the Defendant acted with sufficiently culpable state of mind so as to constitute deliberate indifference to Plaintiff's health or safety by acting or failing to act despite knowledge of such substantial risk of serious harm. *Stephens v. Johnson* 83 F3d. 198 (8th Cir.1995).

The Supreme Court, in the case of *Wilson v. Seiter*, 501 U.S. 294 (1991) at 301-05, in discussing the "deliberate indifference" standard, stated that prison officials mere negligence does not equal deliberate indifference.

See also *Riccardo v. Rausch*, 375 F.3rd 521, 525-27, which holds that a prison officials' failure to alleviate a significant safety risk did not rise to the level of deliberate indifference. The Riccardo court held that even if a jury could conclude that the official should have known of the risk, "reasonableness" is a negligence standard, and negligence does not give rise to an 8th Amendment claim.

A negligent act or omission will not support a claim under Section 1983. *Ray v. Foltz* 2004

WL 1144698 (11th.Cir. May 24, 2004). See also *Taylor v. Ledbetter*, 818 F2d. 791, 794 (11th.Cir. 1987).

The Plaintiff does not, with any specificity, allege any actions or inaction on the part of these Defendants which would subject them to liability under 42 U.S.C. Section 1983.

## SOVEREIGN IMMUNITY

Plaintiff's federal claims (as well as all state pendente claims) under 42 U.S.C., Section 1983 against these defendants in their official capacity, are barred by the 11th Amendment to the United States Constitution. Therefore, the plaintiff's claims against these defendants under Section 1983 are due to be dismissed as a matter of law for lack of subject matter jurisdiction. The 11th Amendment to the U.S. Constitution bars the federal court from exercising jurisdiction over states. Ex Parte Young, 209 U.S. 123.

Claims against the State of Alabama and its agencies, officers and agents, under Section 1983, are barred by the 11th Amendment to the United States Constitution. Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989); see also Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992).

The 11th Amendment to the Constitution of the United States of America bars any claims, including any and all pendente state law claims, against a state or its officials in the absence of the consent of the state. See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 99-100 (1984) (wherein the Supreme Court of the United States held that the 11th Amendment barred any and all state law claims brought in U.S. District Court under pendente jurisdiction, as well as under Section 1983.) The plaintiffs in this case have failed to allege, and he offers no evidence whatsoever that there has been a waiver of the State of Alabama's 11th Amendment immunity in this case. Therefore, plaintiff's claims against these defendants in their official capacity, are all barred for lack of subject matter jurisdiction.

Since 1939, the courts have been very consistent in their holdings that the state enjoys absolute immunity from state tort claims in state court because of Section 14 of the Constitution of the State of Alabama. The 1939 Supreme Court of Alabama stated in the case of <u>J. R. Raible Co. v. State Tax Commission</u>, 239 Ala. 41, 194 So. 560 (1939), that "we have held that the circuit court is without jurisdiction to entertain a suit against the state because of Section 14 of the Constitution".

Article I, Section 14, Constitution of Alabama 1901, provides that the "State of Alabama shall never be made a defendant in any court of law or equity". The longstanding principle of state sovereign immunity, which is written in to Alabama's Constitution, hold very clearly that the state and its agencies, have absolute immunity from suit in any court. <u>Ex Parte Franklin County Dept. of Human Resources</u>, 674 So.2d 1277, 1279 (Ala. 1996).

In the 2001 case of <u>Larkins v. Dept. of Mental Health</u>, 806 So.2d 358, 363 (Ala. 2001), the Alabama Supreme Court, citing <u>Druid City Hospital Board v. Epperson</u>, 378 So.2d 696 (Ala. 1979), said "recently, this court restated the long settled principle concerning the immunity of the State of Alabama from suit in the precedent firmly supported by the doctrine of stare decisis, which holds that an action which is contrary to the state's immunity is an action over which the courts of this state lack subject matter jurisdiction". "And its immunity cannot be waived by the Legislature or by any other State authority."

The State of Alabama and all of its services must operate through its agencies, officers and employees. The courts are firm in their holdings that state agencies, officers and employees are absolutely immune from tort liability. <u>Rutledge v. Baldwin Co. Commission</u>, 495 So.2d 49 (Ala. 1986).

The State of Alabama, its agencies, officers and employees, in their official capacities and

6

individually, are absolutely immune from suit. These defendants, as officers, employees and agents of the Alabama Department of Corrections, are entitled to invoke sovereign immunity from suit even though there may be some individual officials named as nominal defendants in the suit. See <u>Destafney v. University of Alabama</u>, 413 So.2d 391 (Ala. 1981).

## SUMMARY

Inmate Hicks sets forth no claim that rises to the level of any constitutional violation, especially such that would defeat defendants' immunity. In fact, all of his claims of "denial of access" are simply not true.

While Corrections cannot make any assertion as to the adequacy of medical services on behalf of Prison Health Services, it is abundantly clear that Hicks was certainly not ever denied access.

Respectfully submitted,

/s/ Neal P. Conner
NEAL P. CONNER (CONN2024)
ASSISTANT GENERAL COUNSEL

**ADDRESS OF COUNSEL:**

Alabama Department of Corrections
Legal Division
Post Office Box 301501
301 South Ripley Street
Montgomery, AL  36130-1501
(334)353-3889

7

**CERTIFICATE OF SERVICE**

    I do hereby certify that on the 29th day of January, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system,

    And I hereby certify that I have mailed a copy of the forgoing via United States Mail properly addressed, postage prepaid first class to:

Inmate Charles Hicks  
AIS # 246241  
Frank Lee Youth Center  
P.O. Box 220410  
Deatsville, AL.  36016

                                                      /s/ Neal P. Conner_____  
                                                      NEAL P. CONNER (CONN2024)  
                                                      ASSISTANT GENERAL COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| CHARLES HICKS, AIS #246241 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. CV-06-1033 |
| | ) |
| ALABAMA DEPT. OF CORRECTIONS, | ) |
| ET AL., | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT

STATE OF ALABAMA

MONTGOMERY COUNTY

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared Richard Allen, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Richard Allen. I am presently employed as Commissioner of the Alabama Department of Corrections. I am over twenty-one (21) years of age.

I do not know the Plaintiff in this matter and to my knowledge have not had any contact with him. As Commissioner, I do not control the daily operation of Frank Lee Youth Center or other various institutions of the Department, and had no involvement in the alleged incident. Also, as Commissioner, I do not make decisions regarding medical treatment for inmates, and do not attempt to intercede, overrule, or influence any decisions made by medical personnel regarding medical treatment for inmates.

<u>CHARLES HICKS #246241 V. ALABAMA DEPT. OF CORRECTIONS, ET Al.</u>
<u>CIVIL ACTION NO.   CV-06-1033</u>

Page 2

I deny that I have violated the Plaintiff's constitutional rights in any way.

*[signature]*
Richard Allen
Commissioner

**SWORN TO AND SUBSCRIBED** before me this 20th day of December 2006.

*[signature]*
NOTARY PUBLIC

06 Mar 08
MY COMMISSION EXPIRES

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CHARLES HICKS, #246241 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 2:06-CV-1033 |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared John Cummins II, who being known to me, and being by me first duly sworn, deposes and says under oath as follows:

My name is John Cummins II, and I am presently employed as a Correctional Warden III, with the Alabama Department of Corrections, Bullock County Correctional Facility, Post Office Box 5107, Union Springs, Alabama 36089. I am over twenty-one (21) years of age.

Inmate Charles Hicks, #246241, has continued to voice complaints regarding the quality of his medical treatment. On December 14, 2006, I spoke with Darryl Ellis, DON, at Staton Health Care Unit, concerning inmate Hicks' complaints. Mr. Ellis advised me that inmate Hicks had been seen by the doctor, who had ordered diuretics, a stocking and an evaluation. Mr. Ellis further stated that inmate Hicks had received diabetic

Page 2

shoes, and that an appointment with a vascular surgeon had been scheduled for December 19, 2006.

This I do hereby certify and affirm on this 4th day of January 2007.

_____
John Cummins II

STATE OF ALABAMA)

COUNTY OF BULLOCK)

SWORN TO AND SUBSCRIBED before me and given under my hand and official seal on this the ____4th____ day of January 2007.

_____
NOTARY PUBLIC

My Commission Expires: 2/24/2009

SEAL

IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

Charles Hicks, #246244 et al.,        )
                                      )
    Plaintiffs,                      )
                                      )
                                      )   CASE NO. 2:06 CV-1033
VS.                                   )
                                      )
Alabama Department of Corrections, et, al.  )
Commissioner Richard Allen,           )

Defendants

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and

State of Alabama at large personally appeared one Linda Brown, who being known to me

and being by me first duly sworn, deposes and says on oath as follows:

    My name is Linda Brown, and I am presently employed as Regional Clinical Nurse Manager of the Office of Health Services for the Alabama Department of Corrections. My responsibilities include overseeing the clinical services at the major facilities in the state of Alabama. My past work includes 12 years of Correctional experience and administrative duties. I am over 21years of age.

 Upon review of the medical records of Charles Hicks (AIS

#246244), the medical record reveals that Mr. Hicks has a medical

history of hypertension, and diabetes type II.

On May 18, 2006 the initial health screening form was completed

at the Kilby Correctional Facility. On May 19, 2006, Kilby

requested hospital records from Jefferson Health System Cooper

Green Hospital. These records have documentation of an

Emergency Room visit for 9/2004. The chief complaint during this visit is documented as "incarnated for one month. Out of meds for one week. Complain of legs swelling- more in the left leg. Denies any shortness of breath or chest pain. Really just needs a check up to get PMD to follow." There is documentation from Jefferson Health System Cooper Green Hospital Emergency Room for a visit on October 19, 2004. The diagnosis is hypertension non-compliance, Peripheral edema, Diabetes. Documentation noted that the patient has been out of his medication for one year and that he is there to get his prescriptions renewed.

Mr. Hicks records show that he had chronic care clinic visits the following dates.

5/19/06; 5/24/06; 5/31/06; 7/5/06; 12/12/06. There are finger stick blood record forms present notating the blood sugar results. There is a special diet request for a 2000 caloric diabetic diet with snack. His influenza vaccination is recorded as given on 11/16/06. He orders written for a slide profile, a bottom bunk profile, nail clips, no prolong standing profile, an extra blanket to elevate feet, a front of the line profile, a walking cane, a pair of crutches, anti embolism stockings, Epsom salt soaks, finger sticks, and blood pressure checks.

Documentation is present to reflect provider visits and orders

written on the physician order sheet for 5/19/06; 5/31/06; 7/05/06; 7/12/06; 8/03/06; 9/12/06; 9/15/06; 9/20/06; 9/22/06;

10/2/06;10/11/06; 10/12/06; 10/13/06; 10/20/06; 10/25/06; 10/26/05;

10/27/06; 10/30/06; 11/3/06;11/7/06; 11/20/06; 11/22/06; 11/27/06;

12/12/06; 12/4/06; 12/19/06.

Medication listed are Aspirin EC 325mg daily, Glipizide 10mg

daily,Lovastatin 4mg take one-half tablet daily, HCTZ 25mg daily,

Lisinopril 20 mg twice daily, A&D ointment; Aldactone 50mg

daily, Mevacor 40mg at night. The medication administration

record reflects missed doses of medication.

Dental Exam conducted on 5/19/06.

Labs were ordered and reviewed for the following dates: 5/19/06; 5/22/06; 9/21/06; 12/12/06.

EKG ordered on 5/25/06 normal reading.

10/12/06 Dr. Covier submitted a request for diabetic shoes.

10/25/06 Scan for Bilateral lower extremity Doppler ultrasound.

Exam negative for DVT

In the right leg. Scattered calcifications and edema surrounding the left posterior tibial

vein. No thrombus was identified.

11/3/06 Pt was seen and evaluated for diabetic shoes and inserts

11/3/06 Dr. Covier submitted a utilization request for diabetic shoes to protect the

naturopathic feet and custom molded inserts.

12/13/06 Inmate Hicks signed a receipt of medical equipment/appliance form indicating

that he received one pair of extra depth shoes and custom molded foot orthotics.

12/19/2006, Advanced Surgical Associates Dr. Whyte conducted a vascular evaluation for left leg swelling and right leg pain. Dr. Whyte`s diagnosis given is venous insufficiency and arterial insufficiency. He recommended studies be conducted and have inmate return after studies and have inmate continue to wear anti embolism stockings.

To the best of my knowledge, the aforementioned facts are true and correct.

*Linda S. Brown*
LINDA S. BROWN

SWORN TO AND SUBSCRIBED BEFORE ME AND GIVEN UNDER MY HAND AND OFFICIAL SEAL THIS THE 28th DAY OF November, 2006.

*Ella Parker*
NOTARY PUBLIC

My commission expires 6 Mar 08